IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06 C 6830 |
| ) | |
| MARK HALL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

In accordance with his Plea Agreement, defendant Mark Hall pleaded guilty to one count of a superseding information charging him with conspiring to knowingly and intentionally possess more than 50 grams of a mixture containing cocaine base and more than five kilograms of a mixture containing cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. As part of the Plea Agreement, defendant agreed to cooperate with the government, including by providing truthful testimony if called upon to testify at any criminal proceedings. Assuming full and truthful cooperation, the government agreed to make a motion pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(a) requesting that the

sentencing court depart downward. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agreed that the sentence of custody should be "50% of the low-end of the applicable sentencing guideline range." Based on facts known to the government and stipulated in the Plea Agreement, the "preliminary" Guidelines calculation was a Criminal History Category of IV and a Total Offense Level of 37. The Plea Agreement does not expressly state the sentencing guideline range for custody represented by that Criminal History and Offense Level. The range would be 292 to 365 months' custody. Fifty per cent of the low-end would have been 146 months.

The Plea Agreement provides in part:

> [7](m) Defendant and his attorney and the government acknowledge that the above calculations are preliminary in nature and based on facts known to the government as of the time of this Agreement. Defendant understands that the Probation Department will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guideline calculations.
> 8. Errors in calculations or interpretation of any of the guidelines may be corrected by either party prior to sentencing. The parties may correct these errors or misinterpretations either by stipulation or by a statement to the probation office and/or Court setting forth the disagreement as to the correct guidelines and their application. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea on the basis of such corrections.

Thereafter, defendant cooperated with the government. At some point, the parties recognized that certain convictions included in the Criminal History calculation incorporated in the Plea Agreement should not have been assigned points because they were part of the offense charged. Based on that revision, defendant's Criminal History Category was I. A Criminal History Category of I and a Total Offense Level of 37 produces a sentencing range of 210 to 262 months' custody. Half of the low-end would be 105 months. This is the sentence that, providing adequate cooperation on defendant's part, the parties assumed defendant would receive. When testifying at a criminal trial as part of his cooperation, the federal prosecutor solicited from Hall that his sentence under the Plea Agreement would be 105 months. In the government's version of the offense submitted to the probation officer for purposes of defendant's presentence investigation, the government explained the error in the Plea Agreement, indicated that Hall had provided substantial cooperation, and stated that the applicable sentencing range would be 210-262 months with a recommended sentence of 105 months' incarceration.

During the presentence investigation, the probation officer discovered additional prior convictions that resulted in defendant's Criminal History Category being III. The sentencing range for Category III and a Total Offense Level of 37 is 262 to

327 months, half of which is 131 months. At the time of sentencing, the government moved for a downward departure to half the low-end of the range recommended in the presentence report. Both the government and defense counsel[1] agreed that the low-end of the sentencing range that should be used was the 262 months recommended by the probation officer. At the sentencing, the court noted the difference between the government's suggested calculation and the probation officer's calculation. The court provided defense counsel with the opportunity to argue that a lower sentence be imposed, but the parties agreed that the 131-month term of incarceration was the only appropriate sentence under the Rule 11(c)(1)(C) Plea Agreement. Defendant himself was present during this discussion and raised no objection.

The court determined that defendant's proper Criminal History under the Guidelines was Category III. Consistent with that determination and the parties' agreed position, defendant was sentenced to a 131-month term of incarceration.

After sentencing, but just before the judgement was actually entered on the docket, the court received defendant's pro se motion for reconsideration in which he argued that, under the terms of the Plea Agreement, he should have been sentenced to

---

[1] By the time of sentencing, defendant's lead counsel, who had negotiated the Plea Agreement, had passed away. At sentencing, defendant was represented by another attorney who had been involved in the case.

105 months' incarceration. That motion was denied without prejudice for lack of subject matter jurisdiction. See United States v. Hall, 2006 WL 1806393 (N.D. Ill. June 23, 2006).

Proceeding pro se, defendant subsequently filed a timely motion pursuant to 28 U.S.C. § 2255. He raises a similar argument to that raised in his motion for reconsideration. This time, however, it is argued as ineffective assistance of counsel for failing to argue that the Plea Agreement provided for a 105-month sentence.

The government contends that, under the terms of the Plea Agreement, defendant is barred from bringing his § 2255 motion. Paragraph 13 of the Plea Agreement provides in part: "Defendant . . . waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28 United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation." Defendant contends this waiver does not apply to the present motion because constitutional claims cannot be waived nor violations of terms of a plea agreement.

Defendant voluntarily agreed to waive his right to bring a § 2255 motion. Such a waiver is enforceable. See Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999); Roberts v.

United States, 429 F.3d 723, 724 (7th Cir. 2005); United States v. Bownes, 405 F.3d 634, 636 (7th Cir.), cert. denied, 126 S. Ct. 320 (2005); United States v. Sines, 303 F.3d 793, 798-99 (7th Cir. 2002). The Seventh Circuit has noted in dictum that a challenge to a sentence based on certain constitutionally impermissible criteria cannot be waived. Bownes, 405 F.3d at 637. Examples suggested by the Seventh Circuit are race-based sentencing or agreeing to trial by 12 orangutans. See id. Such constitutional exceptions do not include the constitutional violation of ineffective assistance of counsel based on an attorney failing to make a particular argument during sentencing. See Jones, 167 F.3d at 1145; Roberts, 429 F.3d at 724; United States v. Nave, 302 F.3d 719, 720 (7th Cir. 2002). A defendant cannot waive a challenge to ineffective assistance in negotiating the waiver itself, see Jones, 167 F.3d at 1145-46, but defendant makes no such argument here and there is no indication that the waiver or the plea agreement was negotiated with ineffective assistance of counsel. Defendant also contends that a challenge involving a violation of the Plea Agreement cannot be waived. Seventh Circuit precedent is to the contrary. See United States v. Whitlow, 287 F.3d 638, 640 (7th Cir. 2002); United States v. Hare, 269 F.3d 859, 862 (7th Cir. 2001).[2] Under the

---

[2]There is no contention by defendant that the breach causes the entire Plea Agreement to fail in which case the waiver would also fail. See United States v. Mason, 343 F.3d 893, 894

terms of his Plea Agreement, defendant has waived his opportunity to raise the issues contained in his § 2255 Motion. That is a sufficient basis for denying the relief requested.

Alternatively, even if the ineffective assistance of counsel claim is not waived, it would be denied on its merits. To succeed on an ineffective assistance of counsel claim, it must be shown both that counsel's representation fell below an objective standard of reasonableness and that defendant was prejudiced thereby. Bednarski v. United States, 481 F.3d 530, 535 (7th Cir. 2007) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)). Defendant cannot satisfy either requirement. The Plea Agreement is clear that defendant's sentence was to be based on 50% of the low end of the correct and applicable sentencing range as determined by the court at the time of sentencing. The Plea Agreement is clear that "preliminary" and other Guideline calculations made by the parties are not controlling. Defendant has not cited and this court is not aware of any case law that would bind the government to its inaccurate calculation of the range (based on incomplete information) that it included in its submission to the probation officer and elicited through defendant's testimony during his

---

(7th Cir. 2003); Whitlow, 287 F.3d at 640. Instead, defendant seeks specific performance of the terms of the Plea Agreement.

cooperation. Since defendant's contention regarding a violation of his Plea Agreement is without merit, his attorney's representation was not deficient for failing to make the argument nor could defendant have been prejudiced by the failure to make the argument. The ineffective assistance of counsel claim would fail on the merits.

The § 2255 motion will be denied. Consistent with today's ruling, defendant's Plea Agreement waives the opportunity to appeal today's decision. Defendant should carefully consider ¶ 13 of his Plea Agreement and today's ruling before filing any appeal. To the extent that he decides to appeal today's judgment, pro se defendant is advised that he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within sixty (60) days of the entry of the judgment in this case. Any notice of appeal should be accompanied by a request for a certificate of appealability, including a statement as to why a certificate should issue. See 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS THEREFORE ORDERED that defendant's motion to vacate, set aside or correct sentence [1] is denied. The Clerk of the Court is directed to enter judgment in favor of the

government and against defendant denying defendant's motion to vacate, set aside or correct sentence.

ENTER:

*[signature]*
UNITED STATES DISTRICT JUDGE

DATED: JULY 12, 2007